Thiago M. Coelho, SBN 324715
*thiago@wilshirelawfirm.com*
Shahin Rezvani, SBN 199614
*srezvani@wilshirelawfirm.com*
Jennifer M. Leinbach, SBN 281404
*jleinbach@wilshirelawfirm.com*
Jesenia A. Martinez, SBN 316969
*jesenia.martinez@wilshirelawfirm.com*
Jesse S. Chen, SBN 336294
*jchen@wilshirelawfirm.com*
**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

*Attorneys for Plaintiff
and the Proposed Classes*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VIVIAN SALAZAR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VICTORIA'S SECRET & CO., a Delaware Corporation; and DOES 1 to 10, inclusive,<br><br>Defendants. | CASE NO.: 3:23-cv-06654-MMC<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>1. VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. §12101, *ET SEQ.*<br>2. VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Vivian Salazar ("Plaintiff"), individually and on behalf of all others similarly situated, brings this action based upon personal knowledge as to herself and her own acts, and as to all other matters upon information and belief, based upon, *inter alia*, the investigations of her attorneys.

**NATURE OF THE ACTION**

1.      Plaintiff is a visually impaired and legally blind person who requires screen reading software to read website content using her computer. Plaintiff uses the terms "blind" or "visually impaired" to refer to all people with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200. Some blind people who meet this definition have limited vision. Others have no vision.

2.      Plaintiff, individually and on behalf of those similarly situated persons (hereafter "Class Members"), brings this Class Action to secure redress against Defendant Victoria's Secret & Co. ("Defendant"), and DOES 1 to 10, for failure to design, construct, maintain, and operate its website, https://www.victoriassecret.com/us/ (the "website" or "Defendant's website"), to be fully and equally accessible to and independently usable by Plaintiff and other blind or visually impaired people. Defendant's denial of full and equal access to its website, and therefore denial of its products and services offered thereby and in conjunction with its physical locations, is a violation of Plaintiff's and the Class Members' rights under the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act ("Unruh Act").

3.      Because Defendant's website is not fully or equally accessible to blind and visually impaired consumers, resulting in violation of the ADA, Plaintiff seeks a permanent injunction to cause a change in Defendant's corporate policies, practices, and procedures so that Defendant's website will become and remain accessible to blind and visually impaired consumers.

**THE PARTIES**

4.      Plaintiff, at all times relevant and as alleged herein, is a resident of California, County of Contra Costa. Plaintiff is a legally blind, visually impaired, disabled person, and member of a protected class of individuals under the ADA, pursuant to 42 U.S.C. section 12102(1)–(2), and the regulations implementing the ADA set forth at 28 C.F.R. sections 36.101, *et seq*.

5.      Defendant is a Delaware corporation with its headquarters in Reynoldsburg, Ohio. Defendant's servers for the website are in the United States. Defendant conducts a large amount

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

of its business in California and the United States as a whole. The physical locations where Defendant's goods and services are sold to the public constitute places of public accommodation pursuant to 42 U.S.C. section 12181(7)(E), as Defendant owns, operates, and controls brick-and-mortar retail stores. Defendant's retail stores provide the public with important goods and services. Moreover, Defendant's website provides consumers access to the goods and services which Defendant offers in its brick-and-mortar retail stores. For example, Defendant's website allows consumers to purchase apparel, sleepwear, beauty products, accessories, and gift cards; apply for Defendant's credit card; access information about shipping and returns; and locate Defendant's stores.

6.     Defendant's retail stores are places of public accommodations within the definition of Title III of the ADA, 42 U.S.C. section 12181(7)(E).

7.     The website provides access to the goods, services, privileges, and advantages of Defendant's brick-and-mortar retail stores, places of public accommodation, by allowing consumers to purchase apparel, sleepwear, beauty products, accessories, and gift cards; apply for Defendant's credit card; access information about shipping and returns; and locate Defendant's stores.

8.     Plaintiff is unaware of the true names, identities, and capacities of Defendants sued herein as DOES 1 to 10. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of DOES 1 to 10 if and when ascertained. Plaintiff is informed and believes, and thereupon alleges, that each Defendant sued herein as a DOE is legally responsible in some manner for the events and happenings alleged herein and that each Defendant sued herein as a DOE proximately caused injuries and damages to Plaintiff as set forth below.

## JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction over the state law claims alleged in this Complaint pursuant to the Class Action Fairness Act, 28 U.S.C. section 1332(d)(2)(A) because: (a) the matter in controversy exceeds the sum of $5 million, exclusive of interest and costs; and (b) some of the Class Members are citizens of a state (California), which is minimally diverse from Defendant's states of citizenship (Delaware and Ohio).

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

10.     This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. section 1331 and 42 U.S.C. section 12181, as Plaintiff's claims arise under Title III of the ADA, 42 U.S.C. sections 12181, *et seq*. and 28 U.S.C. section 1367.

11.     This Court also has subject matter jurisdiction under 28 U.S.C. section 1332, as the amount in controversy exceeds $75,000, exclusive of interest and costs, and Plaintiff and Defendant are completely diverse.

12.     Defendant is subject to personal jurisdiction in this District. Defendant has been and is committing the acts or omissions alleged herein in the Northern District of California that caused injury, and violated rights prescribed by the ADA and Unruh Act, to Plaintiff and to other blind and other visually impaired consumers. A substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in the Northern District of California. Specifically, on several separate occasions, Plaintiff has been denied the full use and enjoyment of the facilities, goods, and services of Defendant's website in Contra Costa County. The access barriers Plaintiff has encountered on Defendant's website have caused a denial of Plaintiff's full and equal access multiple times in the past and now deter Plaintiff on a regular basis from accessing Defendant's website. Similarly, the access barriers Plaintiff has encountered on Defendant's website have impeded Plaintiff's full and equal enjoyment of goods and services offered at Defendant's physical locations. Moreover, Defendant owns and operates branded retail stores in the State of California, including in Contra Costa County.

13.     This Court also has personal jurisdiction over Defendant because it conducts and continues to conduct a substantial and significant amount of business in the State of California, County of Contra Costa, and because Defendant's offending website is available across California.

14.     Venue is proper in the Northern District of California pursuant to 28 U.S.C. section 1391 because Plaintiff resides in this District, Defendant conducts and continues to conduct a substantial and significant amount of business in this District, Defendant is subject to personal jurisdiction in this District, and a substantial portion of the conduct complained of herein occurred in this District.

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

15.    Defendant owns, operates, and maintains brick-and-mortar retail store locations in the State of California and the United States as a whole. Defendant's brick-and-mortar retail locations offer goods and services to the public. Defendant also offers the very goods and services that are offered in Defendant's places of public accommodation to the public through the website. Defendant's brick-and-mortar retail store locations are places of public accommodation pursuant to 42 U.S.C. section 12181(7)(E), and Defendant's website is subject to the ADA because it provides methods by which consumers can access the goods and services offered in Defendant's brick-and-mortar retail stores, which are inaccessible to Plaintiff and Class Members, who are disabled screen reader users.

**THE AMERICANS WITH DISABILITIES ACT AND THE INTERNET**

16.    The internet has become a significant source of information, a portal, and a tool for conducting business, doing everyday activities such as shopping, learning, banking, researching, as well as many other activities for sighted, blind, and visually impaired persons alike.

17.    In today's tech-savvy world, blind and visually impaired people can access websites using keyboards in conjunction with screen access software that vocalizes the visual information found on a computer screen. This technology is known as screen reading software. Screen reading software is currently the only method a blind or visually impaired person may independently use to access the internet. Unless websites are designed to be read by screen reading software, blind and visually impaired persons are unable to access websites fully, and the information, products, and services contained thereon.

18.    Blind and visually impaired users of Windows operating system-enabled computers and devices have several screen reading software programs available to them. Some of these programs are available for purchase and other programs are available without the user having to purchase the program separately. Job Access With Speech, otherwise known as "JAWS," is currently the most popular, separately purchased and downloaded screen reading software program available for a Windows computer.

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

19.    For Apple-based products, such as laptops and iPhones, the screen reader called "VoiceOver" is built into the operating system. Akin to JAWS, VoiceOver converts text to speech.

20.    For Android-based products, TalkBack is built into the operating system and converts text to speech.

21.    For screen reading software to function, the information on a website must be capable of being rendered into text. If the website content is not capable of being rendered into text, the blind or visually impaired user is unable to access the same content available to sighted users.

22.    The international website standards organization, the World Wide Web Consortium, known throughout the world as W3C, has published Success Criteria for version 2.1 of the Web Content Accessibility Guidelines ("WCAG 2.1"). WCAG 2.1 are well-established guidelines for making websites accessible to blind and visually impaired people. These guidelines are adopted, implemented, and followed by most large business entities who want to ensure their websites are accessible to users of screen reading software programs. WCAG 2.1 is one of, if not the most, valuable resources for companies to operate, maintain, and provide a website that is accessible under the ADA to the public. Plaintiff seeks Defendant's compliance with WCAG 2.1 as a remedy. Plaintiff does not premise Defendant's violations of the ADA nor the Unruh Act on violations of WCAG 2.1. However, the Department of Justice ("DOJ") has issued guidance on how to make web content accessible to people with disabilities. The DOJ's guidance provides that: "Existing technical standards provide helpful guidance concerning how to ensure accessibility of website features. These include [WCAG] and the Section 508 standards, which the federal government uses for its own websites."[1] Accordingly, although not a sole basis on which to premise violations of the ADA and the Unruh Act, WCAG 2.1 "provide[s] helpful guidance concerning how to ensure accessibility of website features."

23.    Within this context, the Ninth Circuit has recognized the viability of ADA claims against commercial website owners/operators concerning the accessibility of such websites.

---

[1] https://www.ada.gov/resources/web-guidance/

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

*Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905–06 (9th Cir. 2019*), cert. denied*, 140 S.Ct. 122, 206 L.Ed. 2d 41 (2019)*. This is in addition to the numerous courts that have already recognized such application.

24.    Each of Defendant's violations of the ADA is likewise a violation of the Unruh Act. Indeed, the Unruh Act provides that any violation of the ADA constitutes a violation of the Unruh Act. Cal. Civ. Code § 51(f).

## FACTUAL BACKGROUND

25.    Defendant offers the website to the public. The website offers features that should allow all consumers to access the goods and services that Defendant offers in connection with its physical locations. The goods and services offered by Defendant include, but are not limited to, the following: apparel, sleepwear, beauty products, accessories, gift cards, Defendant's credit card, information about shipping and returns, and Defendant's store locations. In addition, among other things, Defendant's website allows the public to order goods for instore pickup at specific selected physical locations. Further, Defendant's website allows customers to browse available products for purchase, including but not limited to, accessing what specific product is available in a particular retail location.

26.    Due to Defendant's failure to properly code its website, Plaintiff and Class Members have been and are still being denied equal and full access to Defendant's retail stores and the numerous goods, services, and benefits offered to the public through Defendant's website in conjunction with Defendant's brick-and-mortar retail store locations.

## THE WEBSITE BARRIERS DENY PLAINTIFF AND CLASS MEMBERS ACCESS

27.    Plaintiff and Class Members are visually impaired and legally blind persons, who cannot use a computer, cellphone, or tablet without the assistance of screen reading software. However, Plaintiff and Class Members are proficient users of screen reading software. Plaintiff is a proficient user of VoiceOver and uses it to access the internet.

28.    In or around May 2023, Plaintiff made multiple attempts to purchase, including but not limited to, pajama sets and other sleepwear, from Defendant through the website for instore pickup at Defendant's location in the San Francisco Centre Mall but because the

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

7

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

Defendant's "Select Store" buttons were inoperable with Plaintiff's screen reader, she was prevented from making the purchases and picking up the goods from Defendant's physical retail location. Plaintiff is near Defendant's physical locations at least two times a month, often utilizing the Bay Area Rapid Transit system to visit, for example, San Francisco where Plaintiff often works and participates in social activities. For this reason, and among others, Plaintiff intends to visit Defendant's locations to pick up goods after selecting instore locations for pick up on Defendant's website. However, the website barriers prevented, and continue to prevent, Plaintiff and Class Members from doing so.

29.    Plaintiff visited https://www.victoriassecret.com/us/ using the VoiceOver screen reader to purchase a pajama set for instore pickup at Defendant's brick-and-mortar retail stores, including but not limited to, the San Francisco Centre Mall location, which is approximately ten miles from Plaintiff's residence. Defendant operates approximately fifteen brick-and-mortar stores within an accessible distance from Plaintiff's residence, where instore pickup is available.

30.    During Plaintiff's visit to Defendant's website, Plaintiff encountered multiple access barriers that denied Plaintiff full and equal access to the facilities, goods, and services offered and provided to the public through the website in conjunction with its brick-and-mortar retail stores. For example, while attempting to navigate Defendant's website to purchase a pajama set online for instore pickup, Plaintiff encountered improperly coded form elements that prevented her from using her screen reader to complete a purchase. On Defendant's Checkout page, Plaintiff was unable to select a store for instore pickup as the "Select Store" buttons present on the Checkout page were not coded to allow screen readers to announce whether a given store was selected. Instead, when the buttons were activated, Plaintiff's screen reader announced nothing, giving Plaintiff the impression that the buttons were non-functional and preventing her from selecting her nearest store to pick up her purchase. These deficiently coded form elements prevented Plaintiff from completing her desired purchase.

31.    Because Defendant's Checkout page and "Select Store" buttons were inoperable, Plaintiff was prevented from completing the purchase and picking up the goods from Defendant's nearby brick-and-mortar locations, including but not limited to Defendant's location in the San

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Francisco Centre Mall. Defendant failed to design its website so that Plaintiff's screen reading software could read the website tools that enabled purchase and designation of a retail location for instore pickup. Defendant's website's inaccessibility to visually impaired people deterred Plaintiff from accessing Defendant's goods and services at the specific locations, including but not limited to Defendant's location in the San Francisco Centre Mall. Due to Defendant's deficient website coding practices, Plaintiff could not effectuate her purchase using Defendant's website with her screen reader and was denied the goods and services of Defendant's brick-and-mortar retail stores. Because Plaintiff and Class Members are legally blind, they must rely on their screen readers in conjunction with their keyboards, cellphones, or tablets to access and navigate websites, like Defendant's website. As a result of Defendant's failure to ensure that its website is coded to sufficiently interface with Plaintiff's and Class Members' screen readers, Plaintiff and Class Members were denied the goods and services offered through Defendant's website, which Defendant offers in conjunction with its brick-and-mortar stores, such as the ability to make a purchase. The barriers Plaintiff encountered prevented Plaintiff from consummating a purchase, as Defendant's coding failures made Defendant's website impossible to navigate and impossible to understand what goods and services were being sold.

32.    Defendant's website has numerous access barriers in addition to those already listed, including but not limited to page elements that cannot be interacted with using a keyboard. Blind and visually impaired screen reader users can only interact with websites using their screen readers and keyboards due to their visual impairment. Defendant's "Sort By" control on the website cannot be interacted with using a keyboard only. This lack of keyboard functionality prevents visually impaired screen reader users such as Plaintiff and Class Members from using Defendant's website to locate a desired product and make a purchase. These and other coding failures have prevented visually impaired users from accessing the goods and services offered through Defendant's website, which Defendant offers in conjunction with its brick-and-mortar stores.

33.    Plaintiff and Class Members all encountered a deficiently coded website and encountered similar barriers. Thus, Class Members and Plaintiff were barred from accessing

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

goods and services on Defendant's website with respect to its brick-and-mortar locations because of Defendant's failure to code its website to be usable by screen readers.

34.    As a result, Plaintiff and Class Members, who desired to make purchases and access services that Defendant provides through its website in conjunction with Defendant's brick-and-mortar retail stores, could not do so as a sighted person could. If Defendant had sufficiently coded the website to be readable by Plaintiff's and the Class Members' screen readers and accessible with their keyboards, Plaintiff and the Class Members would have been able to interact with these elements and complete a purchase as a sighted person could.

35.    Accordingly, Plaintiff and Class Members were denied the ability to make purchases of goods and services that Defendant provides through the website in conjunction with its places of public accommodation, its retail stores, because Defendant failed to have the proper procedures in place to ensure that content uploaded to the website contains the proper coding to convey the meaning and structure of the website as well as the goods and services provided by Defendant therewith.

36.    Due to the widespread access barriers Plaintiff and Class Members encountered on Defendant's website, Plaintiff and Class Members have been deterred, on a regular basis, from accessing Defendant's website. Similarly, the access barriers Plaintiff and Class Members encountered on Defendant's website have deterred Plaintiff and Class Members from visiting Defendant's physical locations.

37.    Despite Plaintiff's and the Class Members' attempts to do business with Defendant on its website, the numerous access barriers contained on the website and encountered by Plaintiff, have denied Plaintiff full and equal access to Defendant's website and Defendant's retail stores. Because of the barriers on Defendant's website, Plaintiff continues to be deterred from accessing Defendant's website and Defendant's retail stores. Likewise, based on the numerous access barriers on Defendant's website, Plaintiff and Class Members have been deterred and impeded from the full and equal enjoyment of goods and services offered in Defendant's retail stores. If Defendant's website was properly coded, Plaintiff and Class Members could and would

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

complete purchases and access other goods and services provided through the website by Defendant in conjunction with its physical retail stores.

38.    Like Plaintiff, Class Members were denied goods and services which Defendant provides through the website in conjunction with Defendant's retail stores, places of public accommodation. Class Members and Plaintiff are thereby deterred from patronizing Defendant's retail stores because of Defendant's failure to properly code its website. Like Plaintiff, Class Members were denied access because of Defendant's coding failures. Plaintiff and Class Members all suffered the same injury because their screen readers were all incapable of reading aloud the visual elements of the website which support the services and goods Defendant provides through the website in conjunction with its retail stores.

## DEFENDANT'S WEBSITE HAS A SUFFICIENT NEXUS TO DEFENDANT'S PHYSICAL LOCATIONS TO SUBJECT THE WEBSITE TO THE ADA'S REQUIREMENTS

39.    Defendant's website is subject to the ADA because the goods and services that Defendant offers on the website are an extension of the goods and services Defendant offers in its brick-and-mortar retail stores. For example, the goods and the services that can be procured online are available for purchase as well as for instore pick up in Defendant's brick-and-mortar retail stores. Moreover, the website connects consumers to the goods and services of Defendant's website by allowing consumers to purchase goods and services provided in Defendant's retail stores through the website and allowing consumers to see what goods are available at specific retail locations. Thus, since the website facilitates access to the goods and services of places of public accommodation, the website falls within the protection of the ADA because the website connects customers to the goods and services of Defendant's physical stores.

## DEFENDANT MUST REMOVE BARRIERS TO ITS WEBSITE

40.    Due to the inaccessibility of Defendant's website, blind and visually impaired customers such as Plaintiff and Class Members, who need screen readers, cannot fully and equally use, or enjoy the facilities and services Defendant offers to the public on its website. The access barriers Plaintiff and Class Members encountered have caused a denial of Plaintiff's and Class

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Members' full and equal access in the past and now deter Plaintiff and Class Members on a regular basis from accessing the website and, thus, Defendant's retail locations.

41.     The access barriers on Defendant's website have deterred, and continue to deter, Plaintiff and Class Members from enjoying the goods and services of Defendant's brick-and-mortar retail stores which are offered through Defendant's website in a full and equal manner to sighted individuals. Plaintiff and Class Members intend to visit the Defendant's locations if Plaintiff and Class Members could access Defendant's website fully and equally as a sighted person can.

42.     If Defendant's website was equally accessible to all, Plaintiff and Class Members could independently navigate the website and complete a desired transaction, such as making a purchase and selecting instore pick up at their nearest location, as sighted individuals do.

43.     Plaintiff, through Plaintiff's attempts to use the website, has actual knowledge of the access barriers that make these services inaccessible and independently unusable by blind and visually impaired people.

44.     Defendant uses standards, criteria, or methods of administration that have the effect of discriminating or perpetuating the discrimination against others, as alleged herein.

45.     The ADA expressly contemplates the injunctive relief that Plaintiff seeks in this action. In relevant part, the ADA requires:

> In the case of violations of […] this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities […]. Where appropriate, injunctive relief shall also include requiring the […] modification of a policy […]. 42 U.S.C. § 12188(a)(2).

46.     Because Defendant's website has never been equally accessible and because Defendant lacks a corporate policy that is reasonably calculated to cause Defendant's website to become and remain accessible, Plaintiff invokes 42 U.S.C. section 12188(a)(2) and seeks a permanent injunction requiring Defendant to retain a qualified consultant acceptable to Plaintiff to assist Defendant in complying with WCAG 2.1 for Defendant's website. The website must be accessible for individuals with disabilities who use desktop computers and laptops along with

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

screen reading software. Plaintiff and Class Members seek that this permanent injunction require Defendant to cooperate with the agreed-upon consultant to: train Defendant's employees and agents who develop the website on accessibility compliance under the WCAG 2.1; regularly check the accessibility of the website under the WCAG 2.1; regularly test user accessibility by blind or vision-impaired persons to ensure that Defendant's website complies under the WCAG 2.1; and develop an accessibility policy that is clearly disclosed on the Defendant's website. The above provides contact information for users to report accessibility-related problems and require that any third-party vendors who participate on  Defendant's website to be fully accessible to people with disabilities by conforming with WCAG 2.1.

47.     If Defendant's website was accessible, Plaintiff and Class Members could independently access information about goods and services offered and consummate a purchase as a sighted person can.

48.     Although Defendant may currently have centralized policies regarding maintaining and operating Defendant's website, Defendant lacks a plan and policy reasonably calculated to make Defendant's website fully and equally accessible to, and independently usable by, blind and other visually impaired consumers, such as Plaintiff and Class Members.

49.     Defendant has, upon information and belief, invested substantial sums in developing and maintaining Defendant's website and Defendant has generated significant revenue from Defendant's website. These amounts are far greater than the associated cost of making Defendant's website equally accessible to visually impaired customers like Plaintiff and Class Members.

50.     Without injunctive relief, Plaintiff and Class Members will continue to be unable to independently use Defendant's website resulting in a violation of their rights.

## CLASS ACTION ALLEGATIONS

51.     Plaintiff, on behalf of herself and all others similarly situated, seeks certification of the following Classes under Federal Rules of Civil Procedure 23(b)(2) and (b)(3) because all requirements of Rule 23(a) are satisfied.

The <u>Nationwide</u> class is defined as follows:

> All legally blind individuals who have attempted to access Defendant's website using screen reading software from January 2022 up to and including final judgment in this action.

The <u>California class</u> is defined as follows:

> All legally blind individuals in the State of California who have attempted to access Defendant's website using screen reading software during January 2022 to July 31, 2023.

52.     Excluded from each of the above Classes is Defendant, including any entity in which Defendant has a controlling interest, is a parent or subsidiary, or which is controlled by Defendant, as well as the officers, directors, affiliates, legal representatives, heirs, predecessors, successors, and assigns of Defendant. Also excluded are the judge and the court personnel in this case and any members of their immediate families. Plaintiff reserves the right to amend the Class definitions if discovery and further investigation reveal that the Classes should be expanded or otherwise modified.

53.     *Numerosity*: This action has been brought and may properly be maintained as a class action against Defendant under Rules 23(b)(1)(B) and 23(b)(3). Upon information and belief, there are no fewer than 8,000 injured Class Members. The Members of the Class are so numerous that joinder of all is impracticable and the disposition of their claims in a class action rather than in individual actions will benefit the parties and the courts.

54.     *Typicality*: Plaintiff's claims are typical of Class Members' claims as all are similarly affected by Defendant's wrongful conduct, as detailed herein.

55.     *Adequacy*: Plaintiff will fairly and adequately protect the interests of Class Members in that she has no interests antagonistic to those of the other Class Members. Plaintiff has retained experienced and competent counsel.

56.     *Superiority*: A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the damages sustained by individual Class Members may be relatively small, the expense and burden of individual litigation makes it impracticable for Class Members to individually seek redress for the wrongful conduct alleged

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

herein. Furthermore, the adjudication of this controversy through a class action will avoid the potentially inconsistent and conflicting adjudications of the claims asserted herein. There will be no difficulty in the management of this action as a class action. If class treatment of these claims were not available Defendant would likely unfairly receive thousands of dollars or more in improper revenue.

57.    *Common Questions Predominate*: Common questions of law and fact exist as to all Class Members and predominate over any questions solely affecting individual Class Members. Among the common questions of law and fact applicable to the Class are:

    i.    Whether Defendant's website is inaccessible to the visually impaired who use screen reading software to access internet websites;

    ii.    Whether Plaintiff and Class Members have been unable to access the website through the use of screen reading software;

    iii.    Whether the deficiencies in Defendant's website violate the ADA;

    iv.    Whether the deficiencies in Defendant's website violate the Unruh Act;

    v.    Whether, and to what extent, injunctive relief should be imposed on Defendant to make the website readily accessible to and usable by visually impaired individuals;

    vi.    Whether Plaintiff and Class Members are entitled to recover statutory damages with respect to Defendant's wrongful conduct; and

    vii.    Whether further legal and/or equitable relief should be granted by the Court in this action.

58.    The Classes are readily definable and prosecution of this action as a class action will reduce the possibility of repetitious litigation. Plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude the maintenance of this matter as a class action.

59.    The prerequisites to maintaining a class action pursuant to Rule 23(b)(2) are met, as Defendant has acted or refused to act on grounds generally applicable to the Classes, thereby making appropriate final injunctive or equitable relief with respect to the Classes as a whole.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

60.    The prerequisites to maintaining a class action pursuant to Rule 23(b)(3) are met, as questions of law or fact common to the Class predominate over any questions affecting only individual Class Members and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

61.    The prosecution of separate actions by Class Members would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. Additionally, individual actions may be dispositive of the interest of all Class Members although certain Class Members are not parties to such actions.

62.    Defendant's conduct is generally applicable to the Classes as a whole and Plaintiff seeks, *inter alia*, equitable remedies with respect to the Classes as a whole. As such, Defendant's systematic policies and practices make declaratory relief with respect to the Classes as a whole appropriate.

## COUNT I

### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

### 42 U.S.C. §12181, *ET SEQ.*

(On Behalf of Plaintiff, the Nationwide Class, and the California Class)

63.    Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 62, inclusive, of this complaint as fully set forth at length.

64.    Section 302(a) of Title III of the ADA, 42 U.S.C. sections 12181, *et seq*., provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. §12182(a).

65.    Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things: "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods,

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

services, facilities, privileges, advantages or accommodations"; and "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden." 42 U.S.C. §12182(b)(2)(A)(ii)–(iii). "A public accommodation shall take those steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the public accommodation can demonstrate that taking those steps would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations being offered or would result in an undue burden, i.e., significant difficulty or expense." 28 C.F.R. §36.303(a). To be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability." 28 C.F.R. §36.303(c)(1)(ii).

66. Defendant's retail store locations are "public accommodations" within the meaning of 42 U.S.C. sections 12181, *et seq*. Upon information and belief, Defendant generates millions of dollars in revenue from the sale of its amenities and services, privileges, advantages, and accommodations in California through its locations and related services, privileges, advantages, and accommodations, and its website is a service, privilege, advantage, and accommodation provided by Defendant that is inaccessible to customers who are visually impaired like Plaintiff and Class Members. This inaccessibility denies visually impaired customers full and equal enjoyment of and access to the facilities and services, privileges, advantages, and accommodations that Defendant makes available to the non-disabled public. Defendant is violating the ADA in that Defendant denies visually impaired customers the services, privileges, advantages, and accommodations provided by the website. These violations are ongoing.

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

67.     Pursuant to 42 U.S.C. section 12188 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff requests relief as set forth below.

<u>**COUNT II**</u>

**VIOLATION OF THE UNRUH CIVIL RIGHTS ACT**

**CAL. CIV. CODE §51, *ET SEQ.***

(On Behalf of Plaintiff and the California Class)

68.     Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 67, inclusive, of this complaint as though fully set forth at length.

69.     Defendant's retail store locations are "business establishments" within the meaning of California Civil Code sections 51, *et seq*. Upon information and belief, Defendant generates millions of dollars in revenue from the sale of its services in California through its physical locations and related services, and the website is a service provided by Defendant that is inaccessible to customers who are visually impaired like Plaintiff and Class Members. This inaccessibility denies visually impaired customers full and equal access to Defendant's facilities and services that Defendant makes available to the non-disabled public. Defendant is violating the Unruh Act, in that Defendant is denying visually impaired customers the services provided by the website. These violations are ongoing.

70.     Defendant is violating the Unruh Act in that the conduct alleged herein likewise constitutes a violation of various provisions of the ADA, 42 U.S.C. sections 12101, *et seq*. Section 51(f) of the California Civil Code provides that a violation of the right of any individual under the ADA shall also constitute a violation of the Unruh Act.

71.     Defendant's actions were and are in violation of the Unruh Act; therefore, Plaintiff and Class Members are entitled to injunctive relief remedying the discrimination.

72.     Plaintiff and Class Members are also entitled to statutory minimum damages pursuant to California Civil Code section 52 for each and every offense.

73.     Plaintiff and Class Members are also entitled to reasonable attorneys' fees and costs.

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1
2
3
4

74.    Plaintiff and Class Members are also entitled to a preliminary and permanent injunction enjoining Defendant from violating the Unruh Act, and requiring Defendant to take the steps necessary to make the website readily accessible to and usable by visually impaired individuals.

5

**PRAYER FOR RELIEF**

6
7

WHEREFORE, Plaintiff, individually and on behalf of all Class Members, respectfully requests that the Court enter judgment in her favor and against Defendant as follows:

8
9
10

A.    For an Order certifying the Nationwide Class and California Class as defined herein and appointing Plaintiff and her Counsel to represent the Nationwide Class and the California Class;

11
12
13
14
15

B.    A preliminary and permanent injunction pursuant to 42 U.S.C. section 12188(a)(1) and (2) and California Civil Code section 52.1 enjoining Defendant from violating the Unruh Act and the ADA, and requiring Defendant to take the steps necessary to make the website readily accessible to and usable by visually impaired individuals;

16
17

C.    An award of statutory minimum damages of $4,000 per offense per person pursuant to section 52(a) of the California Civil Code;

18
19

D.    For attorneys' fees and expenses pursuant to California Civil Code sections 52(a), 52.1(h), and 42 U.S.C. section 12205;

20

E.    For pre-judgment interest to the extent permitted by law;

21

F.    For costs of suit; and

22

G.    For such other and further relief as the Court deems just and proper.

23
24
25
26
27
28

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1

**DEMAND FOR JURY TRIAL**

2          Plaintiff, on behalf of herself and all others similarly situated, hereby demands a jury trial

3     for all claims so triable.

4

5     Dated: May 22, 2024                           Respectfully Submitted,

6

7                                                   /s/ *Thiago M. Coelho*
                                                    Thiago M. Coelho
8                                                   **WILSHIRE LAW FIRM**
                                                    *Attorney for Plaintiff and the*
9                                                   *Proposed Classes*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL