United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VIVIAN SALAZAR,

Plaintiff,

v.

VICTORIA'S SECRET & CO.,

Defendant.

Case No. 23-cv-06654-MMC

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

Before the Court is defendant Victoria's Secret & Co.'s ("Victoria's Secret") Motion, filed June 5, 2024, "to Dismiss Plaintiff's First Amended Complaint." Plaintiff Vivian Salazar ("Salazar") has filed opposition, to which Victoria's Secret has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

**BACKGROUND**

The following factual allegations, set forth in the First Amended Complaint ("FAC"), are assumed true for purposes of the instant motion.

Salazar is a "visually impaired and legally blind person who requires screen reading software to read website content using her computer." (See FAC ¶ 1.) Victoria's Secret operates "physical locations where [its] goods and services are sold to the public," i.e., "brick-and-mortar retail stores." (See FAC ¶ 5.) Victoria's Secret also operates a website that "provides consumers access to the goods and services which [it] offers in its brick-and-mortar retail stores" (see FAC ¶ 5); the website "allows the public to order

[1] By order filed August 5, 2024, the Court took the matter under submission.

goods for instore pickup at specific selected physical locations" and "to browse available products for purchase, including but not limited to, accessing what specific product is available in a particular retail location" (see FAC ¶ 25).

"[B]lind and visually impaired people can access websites using keyboards in conjunction with screen access software that vocalizes the visual information found on a computer screen." (FAC ¶ 17.) "This technology is known as screen reading software," and "is currently the only method a blind or visually impaired person may independently use to access the internet." (Id.) "For screen reading software to function, the information on a website must be capable of being rendered into text." (FAC ¶ 21.)

Salazar is a "proficient user of VoiceOver," one type of "screen reader," and "uses it to access the internet." (See FAC ¶¶ 19, 27.) In May 2023, Salazar visited the Victoria's Secret website and "made multiple attempts to purchase, including but not limited to, pajama sets and other sleepwear, from [Victoria's Secret] through the website for instore pickup at [its] location in the San Francisco Centre Mall." (See FAC ¶ 28.) Salazar was unsuccessful, however, because the website's "'Select Store' buttons were inoperative with [Salazar's] screen reader." (See id.) In particular, "the 'Select Store' buttons present on the Checkout page were not coded to allow screen readers to announce whether a given store was selected"; rather, "when the buttons were activated, [Salazar's] screen reader announced nothing," which "prevented her from selecting her nearest store to pick up her purchase." (See FAC ¶ 30.)

Based on the above allegations, Salazar asserts two causes of action: Count I, alleging a violation of Title III of the Americans With Disabilities Act, and Count II, alleging a violation of the Unruh Civil Rights Act.

**DISCUSSION**

In its motion to dismiss, Victoria's Secret argues Salazar's claims are subject to dismissal for lack of subject matter jurisdiction, specifically, for lack of standing, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and for failure to state a claim,

pursuant to Rule 12(b)(6),[2] which arguments the Court considers in turn.

**A. Standing**

At the outset, Victoria's Secret contends the Court lacks subject matter jurisdiction because, according to Victoria's Secret, the FAC lacks facts sufficient to demonstrate Salazar's standing under Article III of the Constitution.

A challenge to a plaintiff's standing raises a jurisdictional issue, and, consequently, is "properly raised" in a motion to dismiss pursuant to Rule 12(b)(1). See White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In the instant case, Victoria's Secret asserts a facial challenge. "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Id. For purposes of a facial challenge, the district court assumes the plaintiff's "allegations to be true and draw[s] all reasonable inferences in [the plaintiff's] favor." See Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).

To establish standing to bring an ADA claim, the plaintiff must allege an "injury in fact," and that there exists a "real and immediate threat of repeated injury." See Fortyune v. American Multi-Cinema, Inc., 364 F.3d 1075, 1080-81 (9th Cir. 2004) (internal quotations and citations omitted). The threat of repeated injury can be established by showing the claimed barriers "deter" the plaintiff from "returning to a noncompliant accommodation." See Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 950 (9th Cir. 2011) As set forth below, the Court finds Salazar's allegations are sufficient at the pleading stage.

First, the Court finds unpersuasive Victoria's Secret's argument that the allegations in the FAC are too "vague and conclusory" to allege an injury in fact. (See Def.'s Mot. at

[2] Additionally, in a footnote, Victoria's Secret requests the Court lift the stay on discovery imposed by this district's General Order 56. Said request is hereby DENIED, without prejudice to Victoria Secret's filing a "stipulation and proposed order under Civil Local Rule 7-12" or "a Motion for Administrative Relief under Civil Local Rule 7-11." See General Order 56 ¶ 3.

United States District Court
Northern District of California

16:10-11.) In particular, Salazar, as noted, alleges that, in May 2023, she sought to purchase online products, i.e., pajamas and other sleepwear, for in-store pickup at a Victoria's Secret's store in San Francisco, California, and was unable to do so because she could not select a store on the "Checkout" page, due to the asserted failure of the website to allow Salazar's screen reading software to verbally complete her store selection. These allegations identify a barrier Salazar personally encountered that deprived her of equal access to Victoria's Secret's goods, i.e., an injury in fact. See Chapman, 631 F.3d at 954 (holding "injury-in-fact" requirement satisfied at pleading stage by factual allegations identifying "barriers" plaintiff encountered and "how his disability was affected by them"); see also Farr v. Hobby Lobby Stores, Inc., 2020 WL 3978078, at *2-*4 (C.D. Cal. April 29, 2020) (holding blind plaintiff sufficiently alleged Article III injury in fact based on allegations he could not make "purchases" on defendant's website due to specified "digital barriers").

With regard to a threat of repeated injury in the future, Victoria's Secret argues Salazar has failed to sufficiently plead any intent to visit Victoria's Secrets locations in the future. Salazar alleges, however, that she is "deterred from patronizing [Victoria's Secret's] retail stores because of [its] failure to properly code its website" and that she "could and would" use the website to purchase goods for pick-up if the website was "properly coded." (See FAC ¶ 37.) Salazar also explains how her asserted inability to use the Checkout page on the website to select a retail store deters her from purchasing goods for in-store pickup, namely, that she remains unable to "browse available products for purchase, including but not limited to, accessing what specific product is available in a particular retail location." (See FAC ¶¶ 25-26.)

Although, as Victoria's Secret correctly points out, district courts have found that a plaintiff who contends he encountered barriers at a business, yet wishes to patronize such facility in the future, must allege facts to show an intent to return to the area, see, e.g., Gomez v. SF Bay Area Private RVS, Inc., 2022 WL 2988670, at 3 (N.D. Cal. July 28, 2022) (holding plaintiff failed to allege facts to support conclusory assertion he was

"deterred" from patronizing defendant's business, where he failed to allege he "live[d] near" the business or had "plans to travel in the proximity of the [business]"), here, Salazar alleges she lives near Victoria's Secret's physical locations. In particular, Salazar alleges she resides in the "County of Contra Costa," California (see FAC ¶ 4), that Victoria's Secret "operates approximately fifteen brick-and-mortar stores within an accessible distance from [her] residence" (see FAC ¶ 29), and that she is "near [Victoria's Secret's] physical locations at least two times a month, often utilizing the Bay Area Rapid Transit system to visit, for example, San Francisco where [she] often works and participates in social activities" (see FAC ¶ 28).

Accordingly, Salazar has sufficiently alleged she has standing to assert her ADA claim.

**B. Failure to State a Claim**

In analyzing a motion to dismiss under Rule 12(b)(6), a district court must accept as true all material allegations in the complaint and construe them in the light most favorable to the nonmoving party. See NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). "To survive a motion to dismiss," however, "a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level," Twombly, 550 U.S. at 555, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation," see Iqbal, 556 U.S. at 678 (internal quotation and citation omitted).

Here, Victoria's Secret contends Salazar fails to sufficiently allege a nexus between Victoria's Secret's retail stores and its website, and, consequently, that both her ADA claim and her Unruh Act claim, being based on the same factual allegations, are subject to dismissal for failure to state a claim.

The ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges,

United States District Court
Northern District of California

advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." See 42 U.S.C. § 12182(a).[3] The Ninth Circuit has interpreted the term "public accommodations" to mean "actual, physical places where goods or services are open to the public, and places where the public gets those goods or services," and, consequently, has held that a plaintiff must show "some connection between the good or service complained of and an actual physical place." See Weyer v. Twentieth Century Fox Film Corp., 198 F.3d 1104, 1114 (9th Cir. 2000) (finding ADA claim not cognizable where plaintiff alleged defendant insurer "offer[ed] and administer[ed] a plan that discriminated against those with mental disabilities in favor of those with physical disabilities," but such disparity was not connected to any "actual physical place").

Here, Victoria's Secret, citing Gomez v. Trinitas Cellars, LLC, 2022 WL 704857 *1, *3 (N.D. Cal. March 9, 2022) ((holding blind plaintiff's allegation that defendant winery's website contained "elements" not readable by screen reader software insufficient to state ADA claim where plaintiff failed to allege inaccessible portions of website "impacted accessing [defendant's] physical location"), argues Salazar has failed to plead a sufficient connection between the website and a place of public accommodation. As discussed above, however, Salazar alleges the asserted coding deficiency on Victoria's Secret's website prohibited her from using the website to order goods for in-store pickup, which the Court finds sufficient to state an ADA claim. See Robles v. Domino's Pizza, LLC, 913 F.3d 898, 905 (9th Cir. 2019) (holding allegations sufficient where claimed inaccessibility "impede[d] access to the goods and services of [defendant's physical locations]").

Accordingly, the FAC is not subject to dismissal for failure to state a claim.

//

//

[3] "[A]ny violation of the ADA is automatically a violation of the Unruh Act." Arroyo v. Rosas, 19 F.4th 1202, 1204 (9th Cir. 2021).

United States District Court
Northern District of California

**CONCLUSION**

For the reasons stated above, Victoria's Secret's motion to dismiss the FAC is hereby DENIED.

**IT IS SO ORDERED.**

Dated: August 9, 2024

MAXINE M. CHESNEY
United States District Judge