IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VIVIAN SALAZAR, individually and on behalf of all others similarly situated,

Plaintiff,

v.

VICTORIA'S SECRET & CO.,

Defendant.

Case No. 23-cv-06654-MMC

**ORDER CONDITIONALLY GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT; SCHEDULING ORDER**

Before the Court is plaintiff Vivian Salazar's ("Salazar') "Motion for Leave to File Second Amended Complaint to Substitute Named Plaintiff," filed May 16, 2025, whereby said plaintiff seeks leave to substitute Juanita Herrera ("Herrera") as the lead plaintiff in the above-titled putative class action. Defendant Victoria's Secret & Co.("Victoria's Secret") has filed opposition, to which Salazar has replied.[1]  Having read and considered the parties' respective written submissions, the Court rules as follows.[2]

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, a district court "should freely give leave [to amend] when justice so requires." See Fed. R. Civ. P. 15(a)(2). "[F]our factors are commonly used" in determining whether leave to amend under Rule 15(a)(2) is appropriate, specifically, "bad faith, undue delay, prejudice to the

---

[1] Salazar failed to provide the Court with a courtesy copy of the reply. Nonetheless, the Court has considered it. For future reference, plaintiff's counsel is reminded that, pursuant to the Court's Standing Orders, parties are required to provide for use in chambers one paper copy, in single-sided format, of each document that is filed electronically.

[2] By order filed June 9, 2025, the Court took the matter under submission.

1    opposing party, and futility of amendment."  See DCD Programs, Ltd. v. Leighton, 833

2    F.2d 183, 186 (9th Cir. 1987).

3          In the operative complaint, the First Amended Complaint ("FAC"), Salazar, who

4    describes herself as a "visually impaired and legally blind person who requires screen

5    reading software to read website content using her computer" (see FAC ¶ 1), alleges she

6    visited the Victoria's Secret website in May 2023 and "made multiple attempts to

7    purchase" merchandise, "including but not limited to, pajama sets and other sleepwear,"

8    for "instore pickup at [its] location in the San Francisco Centre Mall," but was

9    unsuccessful because the website's "'Select Store' buttons were inoperative with

10   [Salazar's] screen reader" (see FAC ¶ 28).  In particular, Salazar alleges, "the 'Select

11   Store' buttons present on the Checkout page were not coded to allow screen readers to

12   announce whether a given store was selected"; rather, "when the buttons were activated,

13   [Salazar's] screen reader announced nothing," which "prevent[ed] her from selecting her

14   nearest store to pick up her purchase."  (See FAC ¶ 30.)  Based on the above

15   allegations, Salazar asserts on her own behalf and on behalf of a putative class two

16   causes of action:  Count I, alleging a violation of Title III of the Americans With Disabilities

17   Act, and Count II, alleging a violation of the Unruh Civil Rights Act.

18         As noted, Salazar now seeks leave to substitute Herrera as lead plaintiff.  In

19   support of such request, Salazar's counsel states that Salazar has advised counsel she

20   is unable to "continue serving as class representative due to unforeseen health concerns"

21   (see Bowen Decl. ¶ 5), and has submitted a proposed Second Amended Complaint

22   ("Proposed SAC").[3]  In the Proposed SAC, Herrera alleges that she is legally blind and

23   uses screen reading software, that she attempted to use Victoria's Secret's website in

24   September 2022 to purchase merchandise for instore pick-up, and that the website would

25   not allow her to select a retail store for pick-up.  (See Proposed SAC ¶¶ 1, 28-30.)  The

26   legal claims asserted in the Proposed SAC, as well as the definition of the putative class,

---

[3] The Proposed SAC is Exhibit 8 to the Declaration of Chumahan B. Bowen.

are identical to those in the FAC.

In opposing the instant motion, Victoria's Secret initially argues that, as a result of Salazar's decision not to serve as lead plaintiff for the putative class, a case or controversy no longer exists. The Court disagrees. Although a putative class action no longer presents a case or controversy when, prior to certification of a class, the lead plaintiff's claims have been "resolved," e.g., "settled," "withdrawn," or "dismissed," see Aguilar v. Boulder Brands, Inc., 2014 WL 4352169, at *8-9 (S.D. Cal. September 2, 2014) (citing cases), here, Salazar's claims have not been settled, withdrawn, dismissed, or otherwise resolved. Accordingly, a case or controversy continues to exist, and, if sufficient grounds for substitution are shown, substitution is not precluded. See Phillips v. Ford Motor Co., 435 F.3d 785, 787 (7th Cir. 2006) (holding, where lead plaintiff's claims remained pending at time motion to substitute was filed, no "jurisdictional void" existed; describing case as "very much alive" at time substitution was sought); Aguilar, 2014 WL 4352169, at *9 (granting pre-certification motion to substitute new lead plaintiff, where existing lead plaintiff had "not settled her claims or had her claims dismissed").

Victoria's Secret next argues that, pursuant to Rule 16(b), Salazar must show, and has not shown, good cause exists to modify the Scheduling Order filed December 29, 2023. The "scheduling order" to which Rule 16(b) applies, however, is an order issued in connection with a "pretrial conference," see Fed. R. Civ. P. 16(a)-(e), which order has yet to be issued in the instant case. Moreover, even if the cited Scheduling Order were modifiable only for good cause, it does not include a deadline to amend the pleadings, let alone a deadline that has expired. Consequently, Salazar need not obtain a modification of the Scheduling Order to proceed with the instant motion.

The Court thus turns to the above-listed factors relevant to a determination under Rule 15(a)(2).

(1) Prejudice. No discovery has occurred, other than initial disclosures. Additionally, the factual bases for Salazar's claims and Herrera's claims are similar and the legal claims are identical. Moreover, a case management conference has yet to be

3

scheduled, let alone conducted. Under such circumstances, the Court finds Victoria's Secret would not be prejudiced by the proposed amendment. See DCD Programs, 833 F.2d at 187-88 (holding defendant would not be prejudiced by proposed amendment, where "case [was] still at the discovery stage with no trial date pending, nor has a pretrial conference been scheduled").

(2) Bad Faith. Victoria's Secret, relying on its having made a Rule 68 offer to Salazar (see Bykerk Decl. ¶ 2, Ex. 1) and Salazar's failure to accept said offer (see Bowen Decl. ¶ 3), argues that Salazar, by the instant motion, is endeavoring to "avoid the consequences of Rule 68" (see Def.'s Opp. at 16:19-20); see also Fed. R. Civ. P. 68(d) (providing "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the [offeror's] costs incurred after the offer was made"). As Salazar points out, however, it remains to be seen whether she "cannot obtain a better result than the Rule 68 offer" (see Pl.'s Reply at 12:7-8), and, in any event, there is nothing precluding Victoria's Secret's making a Rule 68 offer to the new plaintiff. Under such circumstances, the Court finds Salazar is not proceeding in bad faith.

(3) Undue Delay. In March 2025 or April 2025,[4] Salazar advised her counsel she was unable to continue to serve as lead plaintiff. (See Bowen Decl. ¶¶ 5-7.) Victoria's Secret was advised of such circumstances, as well as the identity of the proposed new lead plaintiff, on April 15, 2025 (see id. ¶ 7), and, after the parties were unable to agree on the propriety of amendment (see id. ¶¶ 10, 12), Salazar filed the instant motion on May 16, 2025. Under such circumstances, the Court finds there has been no undue delay in seeking substitution.

(4) Futility.[5] Victoria's Secret argues that, unlike Salazar, Herrera, in the Proposed SAC, fails to identify the location of the store or stores she wished to use for

---

[4] The precise date is not clear from the record.

[5] Although Victoria's Secret's opposition does not specifically address futility of amendment, it includes arguments challenging the sufficiency of the Proposed SAC, which arguments Salazar has addressed in her reply.

4

pickup of merchandise ordered online or facts to support a finding that she intends to use the website in the future for purposes of ordering merchandise for pickup.  Although the Court agrees that the Proposed SAC's allegations in said regard appear to be conclusory, see, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding "conclusory statements" fail to state cognizable claim for relief); Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016) (holding, at pleading stage, plaintiff must "clearly allege facts" supporting "standing") (internal quotation, citation, and alteration omitted), such pleading deficiency can be addressed by an order conditioning the requested leave to amend on the addition of further factual allegations.  Victoria's Secret also argues that Herrera would be "subject to a class action waiver and required to arbitrate any claims she may have" (see Def.'s Opp. at 15:21-22), but, as Salazar points out, that argument is not supported by any evidence, and, consequently, is, at best, premature.

In sum, the Court finds the requested leave to amend is appropriate, on the above-discussed condition.

Accordingly, the motion for leave to amend is hereby GRANTED, on the condition that the SAC include factual allegations identifying the store or stores Herrera intended to use for pickup of merchandise and facts to support a finding that she intends to use Victoria's Secret's website in the future to order merchandise for pickup at one or more Victoria's Secret locations.

Additionally, the Court sets the following schedule:

1. No later than July 11, 2025, Herrera shall file an SAC in conformity with the above conditions.

2. No later than August 1, 2025, Herrera shall make her initial disclosures to Victoria's Secret, as shall Victoria's Secret in the event it has initial disclosures to make in addition to those previously made.

3. No later than September 5, 2025, the parties shall meet and confer in person to discuss settlement.

//

5

4.  No later than October 10, 2025, the parties shall file a Notice of Need for Mediation and Certification of Counsel, or, alternatively, a Notice of Settlement of ADA Access Case.

5.  No later than five days after the mediator files a Certification of ADR Session, certifying the mediation process is concluded, Herrera shall file a Notice Requesting Case Management Conference.

**IT IS SO ORDERED.**

Dated: June 26, 2025

MAXINE M. CHESNEY
United States District Judge