IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JUANITA HERRERA,

Plaintiff,

v.

VICTORIA'S SECRET & CO.,

Defendant.

Case No.  23-cv-06654-MMC

**ORDER GRANTING MOTION TO TRANSFER**

Before the Court is defendant Victoria's Secret's Motion to Transfer Venue, filed December 12, 2025, pursuant to 28 U.S.C. § 1404(a). Plaintiff Juanita Herrera has filed opposition, to which defendant has replied.

The matter came on regularly for hearing on April 17, 2026. Ryan Bykerk of Greenberg Traurig, LLP appeared on behalf of defendant. Chumahan Bowen of Wilshire Law Firm, PLC appeared on behalf of plaintiff. The Court, having considered the parties' respective written submissions and the arguments of counsel made at the hearing, and for the reasons set forth in detail on the record at the hearing, hereby rules as follows.[1]

By the instant motion, defendant seeks an order transferring the above-titled action to the United States District Court for the Southern District of Ohio, on the ground that Herrera, in accessing her account on defendant's website, "agreed to the exclusive jurisdiction of the federal and state courts in Franklin County, Ohio." (See Doc. No. 69

---

[1] The below discussion is in no way intended to replicate the entirety of the Court's analysis set forth at the hearing.

("Motion") at 2:7-8.)

In support thereof, defendant points out that all Victoria's Secret website users, in order to sign into their accounts, are required to agree to its Terms of Use, which encompass a forum selection clause providing for such exclusive jurisdiction. (See Doc. No. 69-2 ("Hayes Decl.") ¶¶ 10, 13, 15.) In further support, defendant has submitted undisputed evidence that Herrera, on multiple occasions, signed into her account (see id. ¶ 13), and that an account holder, in order to sign into his/her account, clicks on a "Secure Sign In" button, above which is prominently displayed the following language: "Upon clicking 'SECURE SIGN IN' I acknowledge that I am becoming a member of the VS & PINK Rewards program and accept the VS & PINK Rewards Terms, Terms of Use, Privacy Policy, Financial Incentive Notice (California), and agree to receive marketing emails during VS & PINK Rewards program registration." (See id. ¶ 10; Exs. B, C.)

In response, Herrera, who "is…visually impaired and legally blind" (See Doc. No. 52 ("Second Amended Complaint") ¶ 1), has submitted a declaration stating that the "sign-ins," on which defendant relies,[2] "occurred when [her] sister helped [her] use the site" (see Herrera Decl. ¶ 9), that "[her] sister's role was limited to describing shopping content…and selecting items at [Herrera's] direction" (see id. ¶ 5), and that her sister "did not read, summarize, or communicate any legal terms" and "was not authorized to accept any such terms on [Herrera's] behalf" (see id.). Consequently, Herrera argues, "an enforceable online contract containing a forum selection clause" was not "formed." (See Doc. No. 74 ("Opp.") at 1:4-5).

As set forth below, however, and contrary to Herrera's argument, the facts on which Herrera relies suffice to show her sister was acting as her agent at the time her sister signed into her account.

---

[2] The sign-in dates on which defendant relies are May 28, 2024, May 24, 2025, and July 11, 2025. (See Hayes Decl. ¶¶ 10-12.) Because Herrera denies signing into her account on July 11, 2025 (see Doc. No. 75 ("Herrera Decl.") ¶ 11), the Court relies only on the first two of the above-listed dates.

United States District Court
Northern District of California

United States District Court
Northern District of California

An agent is a person or entity that "represents another, called the principal, in dealings with third parties," see Unite Here Retirement Fund v. City of San Jose, 2023 WL 5181633, at *4 (N.D. Cal. Aug. 11, 2023) (citing Rogers v. Roseville SH, LLC, 75 Cal.App.5th 1065, 1074 (2022), and "has the authority to act for and in the place of the principal for the purpose of bringing him or her into legal relations with [those] parties," see id. (internal quotation and citation omitted). Here, in her declaration, Herrera states that her sister "helped [her] sign in" to her online account on defendant's website (see Herrera Decl. ¶ 7), in other words, that her sister was authorized to sign in on her behalf.

Next, agreeing to the Terms of Use was within the scope of her sister's implied authority. See Unite Here, 2023 WL 5181633, at *5 ("Actual authority is not limited to express grants of authority – it 'may be implied as well as express.'") (quoting Transport Clearings-Bay Area v. Simmonds, 226 Cal.App.2d 405, 425 (1964)). As noted, it is undisputed that Herrera's sister was assigned the task of signing into Herrera's account in order to perform her assigned task of shopping, and that her sister could not do so without agreeing to the above-referenced terms. See id. (holding "[a]n agent has implied authority to use any means that are incidental to and reasonably proper in the performance of an assigned task") (internal quotation and citation omitted).

Given such circumstances, the Court finds Herrera is bound by her sister's agreement on her behalf to the Terms of Use, and, in particular, to the forum selection clause contained therein.

Lastly, said agreement is entitled to "controlling weight" in the resolution of the instant motion, there being no assertion of "extraordinary circumstances unrelated to the convenience of the parties." See Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas, 571 U.S. 49, 62-63 (2013).

Accordingly, defendant's Motion to Transfer is hereby GRANTED, and the above-titled action is hereby TRANSFERRED to the United States District Court for the Southern District of Ohio, Eastern Division.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April 27, 2026

MAXINE M. CHESNEY
United States District Judge

United States District Court
Northern District of California

4